UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN LEE LANDON,<br><br>    Plaintiff,<br><br> v.<br><br>PLY-GEM WINDOWS,<br><br>    Defendant. | CASE NO. C23-1747JLR<br><br>ORDER |

Before the court are two motions filed by Defendant Ply Gem Pacific Windows Corp. ("Ply Gem"): (1) a motion to strike and for sanctions based on the unauthorized practice of law (Mot. to Strike (Dkt. # 13)), and (2) a motion to dismiss (MTD (Dkt. # 15)).[1] In its motion to strike, Ply Gem argues that Plaintiff Stephen Lee Landon—who is proceeding *pro se* (*see* Dkt.)—is actually represented by an individual named Brent Parks, who is not a lawyer but a self-proclaimed paralegal employed by a company called

---

[1] Ply Gem was incorrectly named in this action as "Ply Gem Windows." (*See* MTD at 1.)

ORDER - 1

National Legal Assistants, which provides legal services to self-represented parties across the country. (*See generally* Mot. to Strike); *see also Home Page*, National Legal Assistants, https://www.nationallegalassistants.com/ (last visited Mar. 21, 2024). On March 21, 2024, the court held a telephone conference, in which Mr. Landon informed the court that Mr. Parks has indeed assisted with the preparation of Mr. Landon's pleadings in this case. (*See* Min. Entry (Dkt. # 19).) Although Mr. Landon appeared for the hearing, he was not prepared to answer the court's questions and the court therefore adjourned. The court ORDERS as follows:

    1. Ply Gem's motion to strike and for sanctions (Dkt. # 13) is GRANTED in part and DENIED in part. The court STRIKES the following pleadings based on the unauthorized practice of law: Mr. Landon's (1) complaint (Dkt. # 1-1); (2) first motion for leave to amend (Dkt. # 8); (3) amended complaint (Dkt. # 12); (4) second motion for leave to amend (Dkt. # 17); and (5) notice of errata (Dkt. # 18). The court denies Ply Gem's request for sanctions.

    2. Ply Gem's motion to dismiss (Dkt. # 15) is DENIED as moot.

    3. The court GRANTS Mr. Landon leave to file a second amended complaint by no later than April 5, 2024. Mr. Landon is advised that, going forward, he must either hire a licensed attorney or truly proceed *pro se* in this matter, meaning he must prepare his own pleadings and manage this case without the advice of Mr. Parks or other nonlawyers. Should any future pleadings reflect the unauthorized practice of law,[2] the

---

[2] The unauthorized practice of law is a crime in Washington. RCW 2.48.180(3)(a); *see also* RCW 2.48.180(2)(a) ("The following constitutes unlawful practice of law . . . (a) A

court will not hesitate to strike the affected pleadings, impose sanctions, and dismiss this case.

4. The court resets the hearing for Monday, March 25, 2024, at 10:00 A.M. Instructions for calling in to the conference will be sent to Mr. Landon and counsel for Ply Gem by email. Mr. Landon shall appear at the hearing having reviewed the pleadings in this case and prepared to answer the court's questions. Failure to appear may result in sanctions.

Dated this 21st day of March, 2024.

JAMES L. ROBART
United States District Judge

---

nonlawyer practices law, or holds himself or herself out as entitled to practice law."); *State v. Yishmael*, 456 P.3d 1172, 1180 (Wash. 2020) (holding that the unauthorized practice of law is a strict liability crime). The Washington Supreme Court has explained that

> [t]he term "practice of law" includes not only the doing or performing of services in a court of justice, in any matter depending therein, throughout its various stages, and in conformity with the adopted rules of procedure, but in a larger sense includes legal advice and counsel, and the preparation of legal instruments and contracts by which legal rights are secured.

*In re Droker & Mulholland*, 370 P.2d 242, 248 (Wash. 1962).