UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN LEE LANDON,<br><br>     Plaintiff,<br><br> v.<br><br>PLY-GEM WINDOWS,<br><br>     Defendant. | CASE NO. C23-1747JLR<br><br>ORDER |

## I.   INTRODUCTION

This matter comes before the court *sua sponte* pursuant to Federal Rule of Civil Procedure 41(b), which authorizes the involuntary dismissal of actions where the plaintiff fails to comply with a court order. *See* Fed. R. Civ. P. 41(b). The court previously became aware that *pro se* Plaintiff Stephen Lee Landon was not actually proceeding *pro se* in this matter. Rather, Mr. Landon was represented by an individual named Brent Parks, who is not a licensed attorney but a self-proclaimed paralegal employed by a for-profit company called National Legal Assistants ("NLA"). On March 21, 2024, the

ORDER - 1

court ordered Mr. Landon to "either hire a licensed attorney or truly proceed *pro se* in this matter, meaning [Mr. Landon] must prepare his own pleadings and manage this case without the advice of Mr. Parks or other nonlawyers." (3/21/24 Order (Dkt. # 20) at 2.) The court now finds that Mr. Landon violated the court's March 21, 2024 order by continuing to procure legal advice and counsel from Mr. Parks and by filing multiple pleadings that were ghost-written by Mr. Parks. The unauthorized practice of law is criminal in Washington, RCW 2.48.180(3), and utterly intolerable in this court. For the reasons set forth below, the court DISMISSES this action with prejudice pursuant to Rule 41(b) based on Mr. Landon's failure to comply with the court's March 21, 2024 order.

## II. BACKGROUND

This is an employment dispute between Mr. Landon and his former employer, Defendant Ply Gem Pacific Window Corp. ("Ply Gem").[1] Mr. Landon filed his original complaint in state court on September 26, 2023, raising age discrimination and retaliation claims, among others. (Compl. (Dkt. # 1-2 (stricken)).) Ply Gem timely removed the matter to this court on November 15, 2023. (Removal Not. (Dkt. # 1).)

On February 9, 2024, Ply Gem filed a motion to strike Mr. Landon's amended complaint and for sanctions based on the unauthorized practice of law. (MTS (Dkt. # 13).) Ply Gem argued that Mr. Landon was not actually proceeding *pro se* and instead was represented by Mr. Parks, a nonlawyer who works for NLA, a company that provides sham legal services to *pro se* parties in exchange for payment. (*Id.* at 1); *see also Home*

---

[1] Ply Gem was incorrectly named in this action as "Ply-Gem Windows." (Removal Not. (Dkt. # 1) at 1.)

*Page*, National Legal Assistants, https://www.nationallegalassistants.com/ [https://perma.cc/CZ72-DKHH]. Ply Gem discovered this information after receiving an email from NLA on which Mr. Parks and several other NLA employees were copied. (MTS at 1; Brandfield-Harvey Decl. (Dkt. # 14) ¶ 2, Ex. 1.) Ply Gem also observed that two of Mr. Landon's pleadings included a certificate of service signed by Mr. Parks in Denver, Colorado. (MTS at 1; *see also* Mot. for Leave (Dkt. # 8 (stricken)) at 13; 2/1/24 Am. Compl. (Dkt. # 12 (stricken)) at 11.) In support of its motion to strike, Ply Gem provided evidence showing that Mr. Parks and NLA have faced discipline in at least two jurisdictions—California and Colorado—for making a business out of the unauthorized practice of law. (*Id.* at 3-4; Brandfield-Harvey Decl. ¶¶ 3-4, Exs. 2-3.)

The court held a telephone conference on March 21, 2024 and informed Mr. Landon that he may have either intentionally or inadvertently found himself in a situation that the court takes very seriously. (*See* 3/21/24 Min. Entry (Dkt. # 19).) Although Mr. Landon was not entirely prepared to answer the court's questions, he nonetheless informed the court that he has no prior legal training and that Mr. Parks, a paralegal based in Colorado, helped prepare his complaint. The court verbally informed Mr. Landon that he must either hire a lawyer or proceed *pro se*, without the help of Mr. Parks or other nonlawyers. The court then adjourned and entered an order resetting the hearing, granting Ply Gem's motion to strike, denying its request to sanction Mr. Parks and NLA, granting Mr. Landon leave to file an amended complaint, and ordering Mr. Landon to "prepare his own pleadings and manage this case without the advice of Mr. Parks or other nonlawyers." (3/21/24 Order at 2-3.) In its written order, the court explained that in

1  Washington, the unauthorized practice of law is a crime and encompasses situations in

2  which "[a] nonlawyer practices law, or holds himself or herself out as entitled to practice

3  law." (*Id.* at 2 n.2 (quoting RCW 2.48.180(2)(a)).)  The court further explained that

4      [t]he term "practice of law" includes not only the doing or performing of services in a court of justice, in any matter depending therein, throughout its
5      various stages, and in conformity with the adopted rules of procedure, but in a larger sense includes legal advice and counsel, and the preparation of legal
6      instruments and contracts by which legal rights are secured.

7  (*Id.* (quoting *In re Droker & Mulholland*, 370 P.2d 242, 248 (Wash. 1962)).)  The court

8  warned that if "future pleadings reflect the unauthorized practice of law, the court will

9  not hesitate to strike the affected pleadings, impose sanctions, and dismiss this case." (*Id.*

10  (footnote omitted).)

11      A few days later, the court held a second telephone conference. (*See* 3/25/24 Min.

12  Entry (Dkt. # 21).) This time, Mr. Landon was able to provide more information,

13  confirming that he did not do any of his own legal research and that he paid Mr. Parks to

14  draft his complaint. The court again explained that Mr. Parks's conduct in providing

15  legal advice and drafting Mr. Landon's complaint constitutes the unauthorized practice of

16  law, which is criminal in Washington and a matter that the court takes extremely

17  seriously. The court warned Mr. Landon to disassociate from Mr. Parks, adjourned the

18  hearing, and immediately reported Mr. Parks and NLA to the Washington State Bar

19  Association.

20      To date, no attorney has appeared on behalf of Mr. Landon, who purportedly

21  continues to represent himself *pro se*. (*See generally* Dkt.) On April 3, 2024, Mr.

22  Landon timely filed an amended complaint. (4/3/24 Am. Compl. (Dkt. # 23).) Ply Gem

filed a motion to dismiss for failure to state claim, noting that the latest complaint was substantially identical to the stricken complaint and therefore was "the byproduct of the unauthorized practice of law." (MTD (Dkt. # 24) at 1 n.1.) That motion remains pending.

On April 17, 2024, Ply Gem filed a notice advising that Mr. Landon refused to participate in a Federal Rule of Civil Procedure 26(f) conference. (Notice (Dkt. # 25) at 1 (asserting defense counsel attempted to hold the conference but Mr. Landon refused to move forward before hiring an attorney).) The court entered an order the following day (1) instructing Mr. Landon that he must comply with court rules, orders, and deadlines, or risk civil contempt and sanctions including case dismissal, and (2) extending the deadlines to conduct a Rule 26(f) conference and file a joint status report. (4/18/24 Order (Dkt. # 26) at 2 (citing Fed. R. Civ. P. 41(b)).)

On April 30, 2024, Mr. Landon filed a "response to defendant's notice of plaintiff's refusal to participate." (1st Resp. (Dkt. # 27).) Mr. Landon asserted that he did participate in the Rule 26(f) conference and thus sought "to correct the record and provide the Court with a truthful account of the events" surrounding the failed conference. (*Id.* at 1.) Also on April 30, 2024, Mr. Landon filed his response to Ply Gem's motion to dismiss. (2d Resp. (Dkt. # 28).)

In reviewing Mr. Landon's responsive pleadings dated April 30, 2024—which were signed by Mr. Landon and did not contain any certification by Mr. Parks—the court noticed sophisticated language that appeared consistent with Mr. Landon's stricken pleadings and likely came from someone with legal training or experience. Suspecting

that Mr. Landon may have violated the court's March 21, 2024 order by filing pleadings that Mr. Parks authored, the court entered a minute order setting an in-person hearing on Ply Gem's motion to dismiss. (5/22/24 Min. Order (Dkt. # 31) at 2 (instructing the parties to arrive having reviewed and prepared to discuss Ply Gem's motion as well as the suspicious pleadings).)

The hearing took place on June 5, 2024. (6/5/24 Min. Entry (Dkt. # 32).) The court questioned Mr. Landon under oath. During this exchange, Mr. Landon stated that he received notices about case deadlines and hearings through an online platform called "Practice Panther."[2] For example, Mr. Landon claimed to have received notice of a deadline to make a jury trial demand by June 10, 2024, in Mountain Standard Time ("MST"). The court had issued no such deadline and does not use the Practice Panther software. Aware that Mr. Parks is based in Colorado and therefore operates under MST, the court then asked Mr. Landon if he was still involved with Mr. Parks. Mr. Landon answered in the affirmative, stating that Mr. Parks merely reminds him of case deadlines. After further questioning, however, Mr. Landon conceded that Mr. Parks drafted his latest responsive pleadings. In fact, the two had had hours-long phone discussions in which they discussed the content of the pleadings that Mr. Parks ultimately authored and Mr. Landon filed. Ply Gem renewed its concerns that Mr. Landon was facilitating the unauthorized practice of law. The court adjourned, and this order follows.

---

[2] Practice Panther is a "law practice management software" that law firms purchase and use to manage client cases. *See Home Page*, Practice Panther, https://www.practicepanther.com/ [https://perma.cc/D5TY-9AXC].

## III. ANALYSIS

Under Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing the court's authority under Rule 41(b) to dismiss actions *sua sponte*); *see also* Fed. R. Civ. P. 41(b). The decision to dismiss a case for failure to comply with a court order is within the district court's discretion and will "not be disturbed unless there is 'a definite and firm conviction that the court . . . committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *Ferdik*, 963 F.2d at 1260 (quoting *Malone v. U.S. Postal Serv.*, 833 P.2d 128, 130 (9th Cir. 1987)). In determining whether a district court abused its discretion in this context, the Ninth Circuit has emphasized that *pro se* litigants should be treated "with great leniency." *Id.* at 1261. Moreover, "dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Id.* at 1260.

In determining whether to dismiss a case under Rule 41(b), "the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1260-61 (quoting *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)). The court addresses each factor in turn.

//

//

The first factor "always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

The second factor strongly favors dismissal in this case. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.*; *see also Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) ("Where a court order is violated, the first two factors support sanctions[.]"). This case has been pending for nearly nine months and has yet to proceed beyond the pleading stage. (*See* Compl. at 1.) Having produced six motions and three hearings (*see* Dkt. ## 5, 8, 13, 15, 17, 19, 21, 24, 31), this case has consumed precious court time and resources that could have been devoted to other cases on the docket. Of note, it is not this court's practice to automatically conduct hearings in civil cases. Indeed, this court sets oral argument on civil motions only when it may be helpful to the court and usually in the context of discovery disputes. Mr. Landon's conduct has unquestionably caused delay and interfered with the court's ability to efficiently manage its docket.

The third factor also strongly favors dismissal. "The district court's finding of prejudice deserves substantial deference because the district court is in the best position to assess prejudice." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (cleaned up). "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l*, 913 F.2d at 1412. Prejudice may "consist of

costs or burdens of litigation." *PPA Litig.*, 460 F.3d at 1228.  In addition, "[w]hether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131 (holding the plaintiff's "intentional and unjustified violation of the pretrial order prejudiced the Government in a manner which justifies dismissal").

Here, although no trial date has been set, Ply Gem has nonetheless faced prejudice through the costs and burdens of litigating this matter for nearly nine months with scant progress toward the merits.  Mr. Landon has offered no justification for his noncompliance, and the court finds that any possible excuse would be groundless.  The court gave multiple verbal warnings that Mr. Landon must disassociate from Mr. Parks and either hire a licensed attorney or truly proceed *pro se*.  Upon striking the tainted pleadings, the court gave express written warning that the unauthorized practice of law is extremely serious and criminal in Washington, defining in plain terms the type of conduct that constitutes unauthorized practice of law.  (*See* 3/21/24 Order at 3 & n.2.)  The court again instructed that Mr. Landon "must either hire a licensed attorney or truly proceed *pro se* in this matter, meaning he must prepare his own pleadings and manage this case without the advice of Mr. Parks or other nonlawyers." (*Id.* at 2-3 (footnote omitted)).  Thus, the court explained exactly what was prohibited, why it was prohibited, and how Mr. Landon was required to proceed.  Compliance was entirely possible—even easy— and Mr. Landon's noncompliance appears to be knowing, intentional, and in bad faith.  Indeed, deliberate steps were taken to conceal Mr. Parks's involvement *after* the court expressly barred his participation:  (1) the certificate of service signed by Mr. Parks was

ORDER - 9

removed from Mr. Landon's pleadings; and (2) Mr. Landon later misled the court under oath by stating that Mr. Parks's continued involvement was limited to reminding Mr. Landon about case deadlines, when in fact the two had engaged in lengthy phone consultations and Mr. Parks had ghost-written multiple pleadings. Accordingly, the court finds that Mr. Landon's violation was knowing, intentional, in bad faith, and inexcusable, and his conduct has prejudiced Ply Gem in a manner that strongly favors dismissal.

The fourth factor weighs against dismissal, as it usually does. *Adriana Int'l*, 913 F.2d at 1406 ("Where a court order is violated . . . the fourth factor cuts against a default."); *see also Malone*, 833 F.2d at 133 & n.2 (affirming district court's exercise of Rule 41(b) where this was the only factor counseling against dismissal).

Finally, the fifth factor favors dismissal. This factor requires "reasonable exploration of possible and meaningful alternatives" to case-dispositive sanctions. *Anderson v. Air W., Inc.*, 542 F.2d 522, 525 (9th Cir. 1976); *see also Malone*, 833 F.2d at 131 (noting the court must "consider[] the impact of the sanction and the adequacy of less drastic sanctions" (quoting *United States v. Nat. Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986))). Alternative sanctions may include "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, . . . dismissal of the suit unless new counsel is secured . . . [or] preclusion of claims or defenses." *Malone*, 833 F.2d at 132 n.1 (quoting *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 749 n.6 (3d Cir. 1982)). "[F]or the prior implementation of a lesser sanction to be a persuasive factor, it must have occurred after the plaintiff's violation of a court order." *PPA Litig.*, 460 F.3d at 1229. In addition, "[a] district court's warning to a

party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262.

Here, the court acknowledges that it has not yet tried lesser sanctions. Although the court struck Mr. Landon's tainted pleadings and granted him leave to amend the stricken complaint, that occurred before Mr. Landon's violation of the court's March 21, 2024 order. *See Yourish*, 191 F.3d at 992 ("[A]llowing the plaintiff to replead is only a less drastic alternative to dismissal once he has already disobeyed a court order."). Nevertheless, the court concludes that lesser sanctions would be inadequate. Warnings would be futile as the court has already issued repeated warnings to Mr. Landon—both verbal and written—that he must disassociate from Mr. Parks, and he has failed to do so. Placing the case at the bottom of the court's trial calendar would be illogical as the court has not yet set a trial date, and in any event, this would serve only to further prolong this litigation. "Sanctions such as a fine or the imposition of costs or attorney's fees would be neither effective nor just if imposed on a *pro se* litigant of modest financial means." *United States v. $15,333.00 in U.S. Currency*, 988 F. Supp. 2d 1229, 1235 (D. Or. 2013). The court has also considered the possibility of dismissing the case without prejudice, but concludes this exercise would be futile in light of Mr. Landon's bad faith. Given that Mr. Landon has taken deliberate steps to conceal his misconduct, the court is disinclined to simply provide him an opportunity to re-file and continue the same course of misconduct elsewhere. Moreover, the court twice warned Mr. Landon that violating court orders may result in dismissal of his case. (3/21/24 Order at 2-3 ("Should any future pleadings reflect the unauthorized practice of law, the court will not hesitate to strike the affected

pleadings, impose sanctions, and dismiss this case." (footnote omitted)); 4/18/24 Order at 2 ("Mr. Landon is advised that he must abide by court orders, rules, and deadlines . . . . The court warns Mr. Landon that failure to comply in the future may result in sanctions, up to and including dismissal of this case.").) The court therefore concludes that less drastic sanctions are not feasible, and that the court's prior warnings regarding the possibility of case dismissal support application of Rule 41(b).

In sum, four of five factors favor dismissal. The court concludes, upon a careful balancing of these factors, that dismissal with prejudice is warranted under the circumstances. *See Malone*, 833 F.2d at 133 & n.2 (affirming where four of five factors favored dismissal); *Ferdik*, 963 F.2d at 1263 (affirming where three of five factors "strongly" supported dismissal). The court further concludes that despite Mr. Landon's *pro se* status, the flagrance and criminality of the misconduct renders this an "extreme circumstance[]" meriting dismissal. *Ferdik*, 963 F.2d at 1260.

## IV.   CONCLUSION

For the foregoing reasons, the court DISMISSES this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). Ply Gem's pending motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is DENIED as moot (Dkt. # 24).

Dated this 20th day of June, 2024.

JAMES L. ROBART
United States District Judge